**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ESSENCE JORDAN RIVIERE,

                        Plaintiff,

      - v -                                  Civ. No. 1:10-CV-605
                                                             (LEK/RFT)

DAVID M. STEINER, *Educational Comm'r*;
BETHLEHEM CITY TOWN CLERK; DAVID J. SWARTS,

                        Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

ESSENCE JORDAN RIVIERE
Plaintiff, *Pro Se*
28 Trinity Place
BSMT Apt.
Albany, New York 12202

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court a civil rights Complaint filed by *pro se* Plaintiff Essence Jordan Riviere, along with an Application to Proceed with this Matter *in forma pauperis* (IFP). Dkt. No. 1, Compl.; Dkt. No. 2, IFP App.

      Turning first to Plaintiff's Motion to Proceed *in Forma Pauperis*, after reviewing her Application, this Court finds that she may properly proceed IFP. Dkt. No. 2.

      Our review of Plaintiff's submission, however, does not end there for we must also, pursuant to 28 U.S.C. § 1915(e)(2), review the adequacy of the stated claims within the Complaint. In bringing this action, Plaintiff utilized a *pro forma* complaint typically used for civil rights complaints brought pursuant to 42 U.S.C. § 1983, and she references § 1983 in the "Jurisdiction"

portion of her pleading and Civil Cover Sheet.  Compl. at ¶ 1.

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived [her] of a federal right," and (2) "the person who has deprived [her] of that right acted under color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  At the outset, it is not clear what federal right Plaintiff asserts she has been denied.  Plaintiff complains of acts taken by the DMV and Town of Bethlehem, but it is unclear how those complaints amount to a violation of her civil rights.  It is also unclear who the individual Defendant is and how he trampled on her personal rights while acting under color of state law.  Traditionally, the definition of acting under color of state law requires that the section 1983 defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted)).  For these reasons, we recommend **dismissing** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed with this Matter *in Forma Pauperis* (Dkt. No. 2) be **granted**; and it is further

**RECOMMENDED**, that this entire action be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file

written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   June 24, 2010
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge